Pearson, J.
 

 It is the settled practice of this Court, when the defendant wishes to avoid a full answer, and to raise the question that the plaintiff has no equity upon his own showing, he must demur to the “relief and discovery,” on the ground, that it is not material for him to answer, inasmuch as the plaintiff, admitting every thing for the sake of argument, has not made out a case. When he wishes to avoid an answer in respect to a particular matter, on the ground that it would criminate him, or disclose matter confided to him as counsel, or an affair of State, he must answer the other parts of the bill, and demur to the “ discovery” of such particular matter. When he wishes to avoid a full answer, on the ground, that there is some fact which defeats the plaintiff’s equity, he must allege the fact by plea, so that the plaintiff may take issue; and when he wishes to avoid an answer to some particular matter, on the ground, that there is a fact, which excuses him from making a discovery in respect thereto, he must answer the other parts of the hill and allege the fact by plea, as that he is a purchaser for valuable consideration, without notice, and
 
 *118
 
 therefore is not obliged to discover his title. With these exceptions of a demurrer to the discovery of a particular matter, and a plea in respect to some particular matter, as to which a discovery is asked for, the general rule is, “ a defendant, if he answers at all, must answer fully” to all allegations which are material to the
 
 equity set up hy the hill:
 
 so that if the answer is excepted to, as not responsive to a particular allegation, and he puts the omission on the ground of its being immaterial, the exception is heard upon the assumption that, according to the plaintiff’s own allegations, and supposing him entitled to the equity which he seeks, the particular allegation is impertinent. The defendant Winder, in this case, attempts to make an entire departure from this practice. After setting out many matters by way of defense, and responding to other facts of the bill, he declines to answer a particular allegation, and sets out
 
 in
 
 extenso,
 
 five reasons
 
 for doing so ; which involve new matter introduced by his answer, in regard to which, of course, at this stage of the proceeding no declaration can be made, and upon the hearing of the exception, it is insisted, in his behalf, that an answer should not be required, because the allegation was immaterial, on the broad ground, that according to the plaintiff’s own showing, he had no equity; thus attempting to draw in question the
 
 plaintiff’s
 
 equity, upon an exception to the answer, instead of doing so by the orderly mode of filing a demurrer, which gives notice to the opposing counsel, and upon which the whole matter, being fully debated by counsel, on both sides, and being considered by the Court, its opinion may be declared, and a definite action taken, either by dismissing the bill for the want of equity, or by a declaration of the plaintiff’s rights, aud an order that the defendant answer. One or two cases were cited, by which it appears, that in several of the States a departure has been made from the practice stated above, and by the case of
 
 Hardiman
 
 v. Harris, 17 Curtis, 372, it seems that the Supreme Court of the United States, on an exception to the answer, will decide upon the plaintiff’s equity. It may be, that the inconvenience of-the
 
 *119
 
 practice is not so perceptably felt in that Court, because the opposing counsel, and the Court are furnished with printed briefs, containing a list of the authorities that are relied on. But we are satisfied that this new practice is both inconvenient and unfair. The inconvienence is readily perceived, and the unfairness consists in this : if the plaintiff has no equity, the defendant is not obliged to answer, and when, instead of demurring, he puts in an incomplete answer, the motive must be to take advantage of the occasion, in order to make a favorable impression, by setting out his matters of defense, and denying all the allegations of the bill as far as his conscience will permit, and stopping short on the ground that the plaintiff has no equity any how ! For these reasons, we will not permit a departure from our practice.
 

 While upon the subject, we enter our protest against the practice, which we perceive, not only by the pleadings in this, but in several other eases, within the last few years, is growing up ; we refer to setting out in the bill, or answer, the reasons or causes of argument, which tend to support the case, or the defense. The place for all this is upon the argument of the cause and not in the pleadings, and the practice, besides incurring unnecessary costs, is productive of very great inconvenience ; for when it becomes necessary to look over the pleadings for a particular point, it is literally
 
 “
 
 hunting for a needle in a hay stack.”
 

 The present case is complicated, because the plaintiff seeks to set up
 
 three
 
 equities distinct, but still somewhat connected, as they all grow out of one original transaction. The pleadings, therefore, are necessarily voluminous, and we are not to be understood as applying the rule,
 
 “
 
 a defendant, if he answers at all, must answer fully,” to these three distinct equities. He may, of course, demur, plead, or answer, to each severally ; but when he undertakes to answer as to one, he must do so fully in regard to it.
 

 The first exception is allowed, and also the second, which rests upon the same ground. The third is allowed, on the ground, that the answers do not ’respond
 
 directly
 
 to the alie
 
 *120
 
 gations and the interrogatories framed therein. The defendant Winder, in an evasive and exculpatory manner, admits, inferentially, that he did not take a proper view of his obligation to indemnify Hepburn, who was the principal in the notes to Smith, the plaintiff being his surety, but he does not answer the allegation, that he caused the plaintiff to be sued, &c., for the purpose of harrassing him, &c., or thereby forcing him to abandon or compromise his rights.
 

 The 4th exception is also allowed. The plaintiff is entitled to a direct answer, as to whether Richard Smith did not purchase other land, in pursuance of the covenant, than those specifically set out in the bill, and if so, what tract or tracts ?
 

 Per Curiam, There will be an order requiring a more full answer.